No. 14,623.

EDWARDS *v.* GUTHNER, MANAGER OF SAFETY OF DENVER ET AL.
(103 P. [2d] 6)

Decided May 20, 1940.

Mr. BENJAMIN C. HILLIARD, JR., Mr. CHARLES T. MA-
HONEY, Mr. CHARLES A. MURDOCK, for plaintiff in error.

Mr. MALCOLM LINDSEY, Mr. ROBERT J. KIRSCHWING, for
defendants in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

PLAINTIFF in error sought mandate against the proper
officials of the City and County of Denver to compel his
reinstatement as an operator in the police department of
the city. The matter was submitted to the trial court on
an agreed statement of facts, and it entered judgment
quashing the alternative writ and dismissing the peti-
tion. Reversal is sought on writ of error. Reference will
be made to the parties as they appeared below, namely,
petitioner and respondents.

The agreed statement of facts discloses that petitioner
was born June 7, 1886; that he was a world war veteran;
that he came to Denver May 15, 1924; that July 6, 1925,
he was appointed "provisional stenographer" in the po-
lice department at a monthly salary of $160.00, which
position, and salary therefor, he accepted. In March,
1929, he took the examination for police operator and
received a passing grade. May 8, 1929, he was advised
that his name was third on the eligible list. He was over
the age limit at the time he took the examination, but
was permitted to do so, presumably on the condition
that he waive his pension rights. At about the same
time there was a district court ruling to the effect that
members of the police department could not waive their
pension rights, and the secretary of the Police Protective
Association so advised the Civil Service Commission and

requested that petitioner's name be dropped from the eligible list. The commission complied with the request and notified petitioner July 19, 1929, as follows:

"A protest having been filed with the Civil Service Commission against you remaining on the eligible list for Police Operator, in view of the recent decision of the District Court, that members of the police department, cannot waive pension rights, the Civil Service Commission has been compelled under the rules to strike your name from the eligible list for police operator.

"When the examination was held, it was assumed that you would be able to waive the pension rights when appointed to this position; that not being the case, the commission could take no other action than it has."

Petitioner continued as an employee in the department until November 16, 1934, when he was dismissed by Guthner, manager of safety.

We see no substantial difference between this case and that of *Smith v. Stapleton,* 105 Colo. 565, 100 P. (2d) 162, wherein we affirmed the judgment of nonsuit in a mandamus action by a provisional employee of the police department. In fact, the only difference in law is that in that case the employee was informed that her age was such as to make her ineligible to take the examination, while here the petitioner would not have been permitted to take the examination had it been known at the time that he could not waive his pension rights.

His counsel seem to entertain the idea that some permanent civil service status by estoppel can be acquired by a provisional appointee through years of service. Estoppel may not be urged against a municipality acting in its governmental capacity where such estoppel would violate a law. 19 Am. Jur. 820. This rule is applicable to the situation here. We think the commission had no choice, when petitioner's illegal status was called to the attention of the members thereof, but to strike his name from the eligible list. The reasonableness of the age requirement is not challenged, and since

the enforceable rules of the commission have the same effect as law, the commission itself must obey them. This would be true even if petitioner had been appointed an operator, because paragraph 13 of rule VI of the commission provides, "If a person who is not entitled to certification is appointed, his appointment, upon due notification from the commission to the appointing officer, shall be revoked."

With his removal from the eligible list, petitioner was relegated to his former condition, i.e., a doubtful provisional employee of the department without civil service status.

The requirement of filing formal charges against one whose name appears on the eligible list, applies only to those legally appearing thereon.

Petitioner's counsel summarize his position in the four following propositions, which we dispose of as urged.

1. Petitioner passed the physical and mental examination. This begs the question. His being over the age limit and his inability to waive his pension rights rendered him ineligible to take the examination, therefore, his other qualifications are immaterial.

2. A provisional appointment cannot last ten years. If this is true, he lost even that standing long ago, and was carried on the payroll by the grace of the department and has no cause to complain.

3. The statute of limitations is no defense. This may be conceded, because in our view it is immaterial.

4. Respondents are estopped to raise the question of petitioner's age. We already have disposed of this contention.

The facts being stipulated, and no error appearing in the record requiring a reversal of the judgment, it is affirmed.

MR. JUSTICE KNOUS and MR. JUSTICE BURKE concur.