**Lucille M. ABBOTT, Appellant,**

v.

**Patricia Roberts HARRIS, Secretary of the Department of Health, Education and Welfare of the United States, Appellee.**

**No. 79–1516.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 9, 1979.

Decided Dec. 21, 1979.

Steven T. Swihart, Omaha, Neb., for appellant.

Stanley Ericsson, Dept. of H.E.W., Baltimore, Md., for appellee; Stuart E. Schiffer, Acting Asst. Atty., Gen., Washington, D. C., Edward G. Warin, U. S. Atty., and Lyn L. Wallin, Asst. U. S. Atty., Omaha, Neb., and Randolph W. Gaines, Chief of Litigation, Baltimore, Md., on brief.

Before BRIGHT and McMILLIAN, Circuit Judges, and HUNTER,* District Judge.

PER CURIAM.

Lucille M. Abbott áppeals from a judgment entered in the District Court for the District of Nebraska[1] affirming the final decision of the Secretary of HEW denying her retirement insurance benefits under § 202(a) of the Social Security Act, 42 U.S.C. § 402(a). For reversal appellant argues the district court erred in failing to hold that the government was estopped. For the reasons discussed below, we affirm the judgment of the district court.

The facts are essentially undisputed. Appellant filed a claim for retirement benefits in February 1977, asserting that she had been employed by her brother George W. Abbott since January 1970. Appellant had been "employed" by her brother to care for their aged mother in the family home. The claim was denied on the basis that no valid employment relationship existed between appellant and her brother. The denial of benefits was affirmed upon reconsideration, after two hearings before an administrative law judge, and by the Appeals Council, which adopted the denial as the final decision of the Secretary. Appellant then sought judicial review of the final decision under 42 U.S.C. § 405(g). The district court affirmed the final decision of the Secretary, finding that no valid employer-employee relationship existed. *Abbott v. Califano*, No. CV78–L–221 (D.Neb. June 1, 1979) (slip op. at 3–7). The district court further found that the government was not estopped from denying appellant retirement insurance benefits. (Slip op. at 7–8).

On this appeal appellant does not challenge the determination that no valid employer-employee relationship existed. Brief for Appellant at 8. Appellant argues that the district court erred in failing to hold that the government was estopped from denying her benefits. Appellant argues that she relied upon the erroneous representation of an employee of the regional office of the Social Security Administration that the proposed employment relationship was covered employment under the Social Security Act, thus qualifying her for retirement insurance benefits. Appellant argues that she should not be made to suffer the loss of coverage as a result of reliance upon the erroneous advice.

The government argues that, even assuming appellant received erroneous advice and relied on it to her detriment, appellant cannot invoke the doctrine of estoppel in the present case. The general rule is that "estoppel cannot be set up against the Government on the basis of an unauthorized representation or act of an officer or employee who is without authority in his individual capacity to bind the Government." *Byrne Organization, Inc. v. United States*, 287 F.2d 582, 587, 152 Ct.Cl. 578 (1961); *see Federal Crop Insurance Corp. v. Merrill*, 332 U.S. 380, 384, 68 S.Ct. 1, 92 L.Ed. 10 (1947); *Goldberg v. Weinberger*, 546 F.2d 477, 480–81 (2d Cir. 1976), *cert. denied*, 431 U.S. 937, 97 S.Ct. 2648, 53 L.Ed.2d 255 (1977); *Brown v. Richardson*, 395 F.Supp. 185, 189–90 (W.D.Pa.1975). We reaffirmed the general rule in the recent case of *Leimbach v. Califano*, 596 F.2d 300,

---

* The Honorable Elmo B. Hunter, United States District Judge for the Western District of Missouri, sitting by designation.

1. The Honorable Warren K. Urbom, Chief Judge, United States District Court for the District of Nebraska.

304–05 (8th Cir. 1979), holding that "estoppel will not lie against the government for the misrepresentations of its agents." *Leimbach* also involved a Social Security claimant who had been misinformed by Social Security employees.

Appellant urges us to depart from the general rule and adopt the more generous "modern approach" advocated by Professor Davis, *see* 2 K. Davis, Administrative Law Treatise § 17 (1958); K. Davis, Administrative Law Treatise § 17.03, .04 (2d ed. Supp. 1978); K. Davis, Administrative Law of the Seventies § 17.01 (1976), and followed in certain circumstances by the Ninth Circuit, *see, e. g., United States v. Wharton*, 514 F.2d 406, 412–13 (9th Cir. 1975); *United States v. Lazy FC Ranch*, 481 F.2d 985, 988 (9th Cir. 1973); *Weston v. Matthews*, Civil Action No. F–75–205 (E.D.Cal. Nov. 12, 1976); *but cf. Simon v. Califano*, 593 F.2d 121, 123 (9th Cir. 1979) (per curiam) (negligence of Social Security trainee employee held not to amount to affirmative misconduct necessary to invoke estoppel). We need not resolve the controversy over estoppel against the government in the facts presented here. *See Leimbach v. Califano, supra*, 596 F.2d at 305.

Assuming, for the purpose of argument, the applicability of the doctrine of estoppel to the government, the district court found that appellant failed to show conclusively that she reasonably relied on erroneous government advice. Appellant argues that she and her brother had been misled by a letter[2] from the district manager which was intended to be a verification of what an unidentified Social Security employee had told George Abbott over the telephone about appellant's status. The district court, however, concluded that the letter correctly stated a general rule and did not declare that appellant was in fact a covered employee. We cannot say that this finding is not supported by substantial evidence on the record as a whole. *E. g.,*

Alexander v. Weinberger, 536 F.2d 779 (8th Cir. 1976).

It is unfortunate that appellant may have been misinformed about her status as a covered employee under the employment arrangement proposed by her brother. However, it remains true that there was no valid employer-employee relationship in the present case. Thus, appellant is not a fully insured individual, as defined in § 214(a) of the Social Security Act, 42 U.S.C. § 414(a).

> Where a party claims entitlement to benefits under federal statutes and lawfully promulgated regulations, that party must satisfy the requirement imposed by Congress. Even detrimental reliance or misinformation obtained from a seemingly authorized government agent will not excuse a failure to qualify for the benefits under the relevant statutes and regulations.

*Goldberg v. Weinberger, supra*, 546 F.2d at 481 (footnote omitted).

Accordingly, the judgment of the district court is affirmed.

---

2. The letter from the district manager (dated Oct. 23, 1979) (Exhibit 26) stated:

> In regards to your inquiry on domestic employees, we have enclosed two pamphlets which explain their coverage.

> Work performed by a son or daughter over 20 for his (her) parent(s) is covered under social security if they are paid $50.00 in cash wages in a calendar quarter.
>
> If you have any further questions, please contact our office concerning them.