ZATKIN v BANK OF THE COMMONWEALTH

Docket No. 90654. Submitted April 28, 1987, at Detroit. Decided June 22, 1987.

Donna Zatkin was hired by the Bank of the Commonwealth in 1954 as a part-time employee. In 1978, she was promoted to the position of branch manager and was appointed as an officer of the bank. In January, 1983, Zatkin, along with others, was laid off, allegedly because the bank was experiencing financial difficulties. Zatkin brought a wrongful discharge action in Wayne Circuit Court, alleging that the Bank of the Commonwealth breached an implied contract of employment by discharging her. Defendant moved for summary disposition on the bases that any express or implied contract of employment purporting to limit the bank's power to discharge plaintiff would be unenforceable as an ultra vires act and in violation of the Michigan Banking Code and that a wrongful discharge action does not exist where a person is laid off for economic reasons. The trial court, Susan D. Borman, J., granted defendant's motion for summary disposition. Plaintiff appealed.

The Court of Appeals *held:*

The Michigan Banking Code provides that the board of directors of a state chartered bank shall discharge the officers of the bank at pleasure. Any express or implied contract which purported to limit the power of the board of directors to discharge an officer of the bank would contravene that provision of the Banking Code and thus would be unenforceable. Accordingly, plaintiff, being an officer of the bank, may not maintain a wrongful discharge action on the basis of some alleged implied contract of continued employment. Further, the fact that plaintiff was at one time a mere employee does not create some residual right to claim wrongful discharge from that former position.

Affirmed.

REFERENCES

Am Jur 2d, Banks §§ 77 *et seq.*

Damages recoverable for wrongful discharge of at-will employee. 44 ALR4th 1131.

Banks and Banking — State Chartered Banks — Bank Officers — Discharge from Employment — Wrongful Discharge.

The provision in the Michigan Banking Code which provides that officers of a state chartered bank may be discharged at the pleasure of the bank's board of directors acts to preclude actions for wrongful discharge, since that provision is a statutory prohibition on the making of any employment contract with a bank officer which is not terminable at the pleasure of the board of directors; accordingly, since statutorily there can be no implied contract for continued employment of a bank officer, there can be no action for wrongful discharge; the fact that the discharged officer of the bank previously worked as a mere employee of the bank does not create a residual right to bring a wrongful discharge action relative to the prior employee status (MCL 487.451[5]; MSA 23.710[151]).

*Elliott R. Perlman,* for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Robert L. Duty*), for defendant.

Before: D. F. Walsh, P.J., and Wahls and J. R. Giddings,* JJ.

Per Curiam. Plaintiff appeals from an order of summary disposition in favor of defendant granted by Wayne Circuit Judge Susan D. Borman, and we affirm.

Defendant filed its motion for summary disposition under MCR 2.116(C)(8), failure to state a claim on which relief can be granted, and MCR 2.116(C)(10), no genuine issue as to any material fact and the moving party is entitled to judgment or partial judgment as a matter of law. Neither at the hearing nor in the signed order was it specifically stated under which subrule summary disposition was granted—a practice we discourage. Our review of the record indicates, however, that MCR 2.116(C)(10) was relied upon.

In deciding a motion under MCR 2.116(C)(10),

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the trial judge must consider the pleadings, affidavits, and other available evidence and be satisfied that the claim or position asserted cannot be supported by evidence at trial due to some deficiency which cannot be overcome. *Hagerl v Auto Club Group Ins Co,* 157 Mich App 684; 403 NW2d 197 (1987). The test is whether the record which might be developed, giving the benefit of reasonable doubt to the opposing party, would leave open an issue upon which reasonable minds might differ. *Rizzo v Kretschmer,* 389 Mich 363, 371-373; 207 NW2d 316 (1973). The lower court determination will be affirmed where no factual development could justify recovery by the nonmoving party. *League Life Ins Co v White,* 136 Mich App 150, 152; 356 NW2d 12 (1984).

Plaintiff, Donna Zatkin, was initially hired by defendant, Bank of the Commonwealth, in 1954 as a part-time employee. By December, 1978, she had been promoted to the position of branch manager and was appointed an officer of the bank. In a deposition and an affidavit, plaintiff stated that her appointment as an officer of the bank was approved by vote of the bank's board of directors. Subsequently, the bank experienced financial difficulties and, as a result, laid off some of its employees in September, 1982. In January, 1983, plaintiff herself was laid off in accordance with a decision of the bank's board of directors, which was based upon recommendations from the personnel department and branch administrator. Upon discharge, plaintiff received twenty-six weeks of severance pay and five weeks of vacation pay. In addition to plaintiff, three other branch officers were laid off at that time.

On October 25, 1983, plaintiff commenced the instant action, alleging that defendant had breached an implied contract of employment by

discharging her. Defendant filed a motion for summary disposition on January 7, 1986, and, after a hearing conducted on January 24, 1986, the motion was granted by Judge Borman. It is from this order that plaintiff appeals.

In essence, plaintiff argues that she had an implied contract of employment with defendant in accordance with the principles set forth in *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980), reh den 409 Mich 1101 (1980), and that, as a result, she could be terminated from employment for good cause only. Under *Toussaint,* an employer's policies and established procedures, or its promises of job security, may create an enforceable employment contract where, as a result, the employee legitimately expects discharge for cause only. Plaintiff, although not disputing her status as an officer of the bank, contends that she was also an employee and that her discharge violated certain promises and procedures of defendant which gave rise to her legitimate expectation of avoiding discharge absent just cause.

On the other hand, defendant claims that any express or implied contract of employment purporting to limit defendant's power to discharge plaintiff at will would be unenforceable as an ultra vires act and in violation of this state's banking laws. In addition, defendant argues that *Toussaint* does not apply in a situation where an employee is laid off by an employer for economic reasons. We agree with defendant that plaintiff was dischargeable under this state's banking laws and therefore need not consider the alternative argument based on the inapplicability of *Toussaint* to the present facts.

Under the current Banking Code, MCL 487.301 *et seq.;* MSA 23.710(1) *et seq.,* the board of direc-

tors of a state chartered bank may appoint officers of the bank as necessary, and may dismiss those officers at its pleasure. The pertinent provision states that a bank has the corporate power

> [t]o elect or appoint directors who shall appoint from their members a president who shall perform such duties as may be designated by the board, and who shall serve as the chairperson of the board, unless the board designates another director to be chairperson in lieu of the president. The board shall appoint 1 or more vice-presidents, a cashier, and such other officers as the board deems necessary, who may or may not be members of the board, shall define their duties, shall dismiss the officers or any of them at pleasure, and shall appoint other officers to fill their places. [MCL 487.451(5); MSA 23.710(151).]

Thus, a "just cause" contract, even if one existed between the bank and the bank officer in this action, would contravene the above Banking Code provision.

This conclusion is supported by Supreme Court precedent now over fifty years old. In *Little v American State Bank of Dearborn,* 263 Mich 645; 249 NW 22 (1933), the Supreme Court held that an employment contract between a bank and one of its officers which was not terminable at the pleasure of the board of directors was void. Plaintiff in that case was appointed by the bank's board of directors as an executive vice-president for a period of one year. Being discharged from employment after having worked only three months, he sued for breach of contract. The Court, in construing 1929 CL 11901, the predecessor of the presently applicable statutory provision, affirmed the lower court's grant of a motion to dismiss in favor of the bank, stating that plaintiff's complaint did

not state a valid cause of action because "there was a statutory prohibition upon the making of employment contracts for definite terms, not terminable at the pleasure of the board of directors." *Id.*, pp 649-650. The *Little* Court went on to reject plaintiff's constitutional challenge of the statute on equal protection and due process grounds, concluding that the statute "is a reasonable regulation, designed to safeguard the public interest," and that the "[u]ltimate decision as to its wisdom rests with the legislature, not with the court." *Id.*, p 648.

The wisdom of constitutional legislation, of course, is a legislative responsibility with which courts may not interfere. *Foundry Workers Union v Enterprise Foundry Co,* 321 Mich 265, 270; 32 NW2d 515 (1948). We observe that the previously applicable statutory provision was amended in 1983, after the *Toussaint* decision was issued in 1980 by the Supreme Court, but that the Legislature did not limit the power of a bank's board of directors to discharge officers of the bank at its pleasure. Thus, the Legislature, which is presumed to be familiar with the principles of statutory interpretation, may be presumed to have acquiesced in the long-standing *Little* interpretation. *Griggs v The Budd Co,* 90 Mich App 649, 652; 282 NW2d 431 (1979), lv den 407 Mich 928 (1979). Moreover, we find the statutory language to be clear and unambiguous and, thus, must enforce the statute as written. *People v Mahler,* 156 Mich App 799, 800-801; 402 NW2d 93 (1986). See also Murphy and Rayle, *"Rightful Discharge": The Application of* Toussaint *to Banking Institutions,* 66 MSBJ 373 (1987).

Like the Michigan statute, federal law provides authority to the directors of national banks to dismiss bank officers "at pleasure." 12 USC 24. In

*Ambro v American National Bank,* 152 Mich App 613; 394 NW2d 46 (1986), this Court upheld a lower court's grant of summary judgment in favor of the defendant bank on plaintiff's breach of alleged contract claim grounded in *Toussaint,* emphasizing that the federal statutory language had been consistently construed by state and federal courts to deprive a national bank of the power to employ its officers other than "at pleasure." *Id.,* p 617. See also *Hawkins v Peoples Federal Savings & Loan Ass'n,* 155 Mich App 237, 240-244; 399 NW2d 484 (1986).

Finally, we also reject plaintiff's argument that defendant was prohibited from discharging her at will because she worked at the bank not only as an "officer" but also as an "employee." First, plaintiff cites no authority for her proposition that an individual who has been duly appointed as a bank officer by a bank's board of directors may be treated as something less than such an officer for purposes of the statute in question. Second, we note that plaintiff did not reject the title and benefits of the position of bank officer after her elevation to that position by the board of directors. And third, permitting plaintiff, after her discharge as a bank officer, to distinguish for purposes of MCL 487.451(5); MSA 23.710(151) her position as a bank officer from her position as an employee would run counter to the spirit of the statute, thereby defeating its very purpose. A similar argument was posed and repudiated by the *Little* Court, which stated:

> Plaintiff contends that the provisions of the banking act heretofore quoted are not to be construed as depriving banks of the power to make binding employment contracts for definite terms; that even assuming that banking corporations have the power to terminate such contracts of

employment at pleasure, they cannot evade a duty to pay compensation for the balance of the period covered by the agreement. Such a construction is not tenable; it would defeat the very purpose of the statute. [263 Mich 647.]

Accordingly, the circuit court's grant of summary disposition in favor of defendant is affirmed.