Mark LINDEMUTH, Plaintiff–Appellant,

v.

JEFFERSON COUNTY SCHOOL DIS-
TRICT R–1 and Donald E.
Schneider, Defendants–Appellees.

No. 87CA0274.

Colorado Court of Appeals,
Div. II.

Nov. 3, 1988.

Miller & Leher, Kathryn E. Miller, Truh-
lar and Truhlar, Robert J. Truhlar, Little-
ton, for plaintiff-appellant.

Caplan and Earnest, Alexander Halpern,
Boulder, for defendant-appellee Jefferson
County School Dist. R–1.

William P. Bethke, Denver, for defend-
ant-appellee Donald E. Schneider.

**1058** 

SMITH, Judge.

Mark Lindemuth (plaintiff) appeals the summary judgment entered in favor of Donald E. Schneider (Schneider) and the Jefferson County School District R–1 (District). We affirm.

Plaintiff worked during the 1984–85 season as an assistant boys' basketball coach at a junior high and the high school within the District. During June, 1985, Schneider, head basketball coach at the high school, offered plaintiff a position as assistant coach at the high school for the following season. Plaintiff accepted the offer, his appointment was announced to team members, and he began to supervise team-related activities. Although there was a practice of employing coaches on the basis of verbal agreements at the local school level, plaintiff's employment for the 1985–86 school year was never approved by the Board of Education.

Plaintiff began working at summer practices until he was confronted by Schneider regarding a rumor that plaintiff had been implicated in child molesting. Pursuant to Schneider's request, plaintiff resigned from the coaching position at the high school. Schneider would have fired him if he chose not to resign. Plaintiff subsequently also lost his job at the junior high school after Schneider expressed concerns there that plaintiff have no contact with his son.

According to allegations in the complaint, Schneider referred to plaintiff as a "child molester" and referred to him as having been "convicted of child molesting." Schneider also allegedly copied, and showed to various persons, district court records which revealed that plaintiff had entered a plea of *nolo contendere* 14 years previously to the charge of attempted assault on a child under 16 years of age.

Plaintiff brought claims of defamation, outrageous conduct, and invasion of privacy against Schneider, all of which were dismissed pursuant to the summary judgment. He also claimed that Schneider tortiously interfered with his contract with the district, and was negligent in offering and terminating his position. Against the District, plaintiff asserted the claim of negligence and breach of an employment contract. In the alternative, he claimed that the District was precluded by the doctrine of promissory estoppel from reneging on its promise to hire him as a coach. He also sought an injunction and punitive damages against both defendants.

The trial court dismissed the claim denominated as "promissory estoppel" finding that it was duplicitous to plaintiff's claim for breach of contract. The parties stipulated to the dismissal without prejudice of any remaining claims so that final judgment would enter as to the claims of defamation, outrageous conduct, invasion of privacy, and promissory estoppel.

### I.

██ Plaintiff's claim for defamation was rejected since the court found that Schneider's statements that plaintiff was a "child molester" and that he had been convicted of child molestation were either substantially true or were merely a statement of opinion. Plaintiff asserts that the determination of the issue of substantial truthfulness is not a matter of law but is for the jury to decide in light of all the facts, including the fact that his conviction was 14 years old. He contends that the only evidence before the court was an uncertified copy of a judgment of conviction upon his plea of *nolo contendere*, along with his own, sworn deposition testimony that, at that earlier time, he had performed unnatural carnal copulation with an eleven-year-old boy. Substantial truth is an absolute defense to a defamation claim. *Gomba v. McLaughlin*, 180 Colo. 232, 504 P.2d 337 (1972). Plaintiff's sworn deposition testimony constituted an admission of the substantial truth of the allegedly defamatory statements.

██ Further, plaintiff does not dispute the accuracy of the mittimus which was attached to the motion for summary judgment. Consequently, we deem any error from the failure to certify that document as harmless since no genuine issue of material fact exists as to plaintiff's plea or actions. *See Churchey v. Adolph Coors*

*Co.,* 759 P.2d 1336 (Colo.1988). Thus, summary judgment was proper.

## II.

Contrary to plaintiff's contention, the trial court did enter a finding that the conduct attributed to Schneider did not meet the threshhold requirements for outrageous conduct set forth in *Rugg v. McCarty,* 173 Colo. 170, 476 P.2d 753 (1970).

It is for the trial court to determine, in the first instance, whether reasonable persons could differ concerning whether a person has intentionally or recklessly caused severe emotional distress to another by extreme and outrageous conduct. *First National Bank v. Collins,* 44 Colo.App. 228, 616 P.2d 154 (1980). The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.... to an average member of the community." *Rugg v. McCarty, supra.*

Defendants claim that the same First Amendment protection which applied to the claim of defamation applied to the claim of outrageous conduct, whatever the name for the alleged tort. However, we do not address that issue.

■ Here, viewing the allegations in the light most favorable to plaintiff, we agree with the trial court that reasonable persons could not characterize Schneider's conduct as atrocious and utterly intolerable in a civilized community. Thus, summary judgment was properly entered on this claim.

## III.

Plaintiff also claims that Schneider's statements, even if they were true, constituted an invasion of privacy by virtue of the lapse of time since the assault incident. He continues to assert, therefore, that whether current identification of plaintiff as a child molester was highly offensive and injurious was a question for the jury to decide.

■ The trial court summarily dismissed his claim since plaintiff's criminal records were public. Furthermore, it concluded, relying on *Cox Broadcasting Corp. v. Cohn,* 420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed. 2d 328 (1975), that information once properly in the public domain does not become private through the mere passage of time. We agree.

Although *Cox Broadcasting Corp. v. Cohn, supra,* dealt with the accurate publication of the name of a rape victim obtained from public records, it recognized the public nature of official court records. Here, plaintiff's judgment of conviction upon a plea of *nolo contendere* is no less official or part of a judicial proceeding even though it was voluntary without need for an actual trial.

Nor does the lengthy span of time since plaintiff's plea erode the public interest in disclosure of that fact. *See Montesano v. Donrey Media Group,* 99 Nev. 644, 668 P.2d 1081 (1983), *cert denied,* 466 U.S. 959, 104 S.Ct. 2172, 80 L.Ed. 555 (1984) (plaintiff could not maintain action for public disclosure of private facts when information of his hit-and-run conviction obtained from a probation report which was a public record was printed in a news story 20 years later).

## IV.

■ Finally, plaintiff contends that the court improperly dismissed his claim of promissory estoppel. We disagree.

The duplicitous nature of this claim did not provide a sufficient basis for the trial court to dismiss it. *See Continental Airlines, Inc. v. Keenan,* 731 P.2d 708 (Colo. 1987). However, the court should have dismissed plaintiff's claim of promissory estoppel because the power to employ teachers is exclusively conferred by the General Assembly to the school board and cannot be delegated. *Big Sandy School District v. Carroll,* 164 Colo. 173, 433 P.2d 325 (1967); *see* § 22–32–109(1)(f), C.R.S. (1988 Repl.Vol. 9). *Cf. Fremont Re–1 School District v. Jacobs,* 737 P.2d 816 (Colo.1987) (discharge of a bus driver is an administrative function rather than a policy making duty and is subject to delegation by

the school board). In addition, plaintiff is charged with knowledge of these limitations and restrictions. *See Keeling v. City of Grand Junction,* 689 P.2d 679 (Colo. App.1984).

Accordingly, the summary judgment is affirmed.

BABCOCK and REED, JJ., concur.