Leslie G. SEELEY, Petitioner,

v.

BOARD OF COUNTY COMMISSIONERS FOR La PLATA COUNTY, Colorado; Alvin Brown, Sheriff of La Plata County, Colorado; and Sheriff's Department of La Plata County, Colorado, Respondents.

No. 89SC129.

Supreme Court of Colorado, En Banc.

May 14, 1990.

Sander N. Karp, Denver, for petitioner.

Hall & Evans, Malcolm S. Mead and Cathy S. Harris, Denver, for respondent Bd. of County Com'rs for La Plata County.

Shand, McLachlan & Newbold, P.C., Michael E. McLachlan and Martha T. Minot, Durango, for respondent Alvin Brown, Sheriff of La Plata County, and Sheriff's Dept. of La Plata County.

Justice VOLLACK delivered the Opinion of the Court.

We granted certiorari in this case to review the court of appeals decision in *Seeley*

*v. Board of County Commissioners,* 771 P.2d 21 (Colo.App.1989). The court of appeals held that a policy manual issued by former La Plata County Sheriff Alvin Brown did not preclude the sheriff from exercising his statutory prerogative to terminate the petitioner's employment. The court of appeals also held that the sheriff was not estopped from denying reinstatement to petitioner by petitioner's reliance on the policy manual. We affirm.

## I.

The petitioner, Leslie G. Seeley (Seeley), filed a complaint in La Plata County District Court against defendants the Board of County Commissioners for La Plata County (the Board), former La Plata County Sheriff Alvin Brown (Sheriff Brown), current La Plata County Sheriff Bill Gardner (Sheriff Gardner), and the La Plata County Sheriff's Department (the Sheriff's Department),[1] alleging a claim for relief for breach of contract.

The complaint alleges that prior to June 6, 1985, Seeley was employed as a deputy sheriff for the Sheriff's Department under the supervision of Sheriff Brown and the Board. Seeley alleges that on June 5, 1985, he was unjustly accused of assaulting an inmate at the La Plata County Jail. Seeley was placed on administrative leave with pay on June 6, 1985, pending the outcome of an investigation conducted by the district attorney and the Colorado Bureau of Investigation arising out of Seeley's alleged assault of the inmate. On June 21, 1985, Seeley was given written notice of his suspension without pay pending the filing of criminal charges. Sheriff Brown gave Seeley written notice of his termination on October 18, 1985. The termination notice stated that after a preliminary hearing on October 8, 1985, the district court found probable cause that Seeley committed the assault, and bound the case over for trial. The termination notice also set forth the applicable provisions of the Sheriff's Policy and Procedure Manual.[2] Seeley was acquitted by a jury on December 13, 1985.

Seeley alleges that at all times he followed the rules, regulations, and policies of the Sheriff's Department, and that in terminating him Sheriff Brown breached the contract of employment embodied in the rules, regulations, policies, and manuals of the defendants. Seeley specifically alleges that Sheriff Brown terminated him in violation of an employee manual promulgated by Sheriff Brown which contained disciplinary and termination procedures. Seeley alleges that the employee manual established an implied contract between Seeley and Sheriff Brown, which Sheriff Brown breached by terminating Seeley. Seeley also alleges that the manual contained a promise that Seeley would only be discharged for cause, that he relied on that promise to his detriment, and that Sheriff Brown breached that promise.

The Board filed a motion to dismiss the complaint pursuant to C.R.C.P. 12(b)(5). Sheriff Brown and Sheriff Gardner filed a motion for summary judgment. The district court apparently treated the Board's

---

1. At oral argument, counsel for the Board, Sheriff Gardner, and the Sheriff's Department argued that they were not proper defendants in the case because none of them had adopted the employee manual adopted by Sheriff Brown. Our resolution of this case makes it unnecessary for us to determine whether to separately dismiss the Board, Sheriff Gardner, and the Sheriff's Department from this case.

2. Section V(A)(6) of the manual provided that:
 All members shall observe and obey all laws and ordinances, all rules and policies of the department and all General or Special Orders of the Department or Divisions thereof. In the event of improper action or breach of discipline, it will be presumed that the member was familiar with the law, rule or policy in question.
 Section V(A)(7) of the manual provided that:
 The existence of facts establishing a violation of the law or ordenance [sic] is all that is necessary to support any allegation of such as a basis for a charge under Section VII. It is not necessary that a formal charge be filed or sustained.
 Section VII(B) of the manual identifies four approved disciplinary actions within the Sheriff's Department, which are reprimand, suspension without pay for a period of no more than thirty working days, demotion, and dismissal. Subsection VII(B)(2) provides that "[t]he type of disciplinary action chosen shall be appropriate to the seriousness of the violation."

motion to dismiss as a motion for summary judgment, as it granted summary judgment for the defendants. The court of appeals affirmed.

## II.

Seeley argues that under these facts he has stated a claim for relief for breach of implied contract. We disagree.

 In Colorado, an employee hired for an indefinite period of time is an "at will employee" whose employment "may be terminated by either party without cause and without notice, and whose termination does not give rise to a cause of action." *Adams County School Dist. v. Dickey*, 791 P.2d 688, 691 (Colo.1990); *Continental Air Lines v. Keenan*, 731 P.2d 708, 711 (Colo.1987); *Johnson v. Jefferson County Bd. of Health*, 662 P.2d 463, 471 (Colo. 1983). A local government entity may limit its power to terminate its employees if it possesses the requisite statutory authority to do so. *Dickey*, at 691; *Johnson*, 662 P.2d at 471. A local government entity possesses the requisite statutory authority to limit its power to terminate employees if that authority is expressly conferred, or is an incidental power reasonably necessary to carry out an express power. *Dickey*, at 690 (quoting *Johnson*, 662 P.2d at 471). A local government does not possess the requisite authority if the local government's exercise of that authority would "forbid that which the state has explicitly authorized." *Dickey*, at 690; *see also* 1 C. Antieau, *Municipal Corporation Law* § 5.37 (1983). In *Dickey*, at 691–693, we hold that school boards are authorized to limit their power to dismiss personnel by statutory provisions which give school boards the power "[t]o discharge or otherwise terminate the employment of any personnel," and adopt "written policies, rules and regulations" on a variety of subjects related to employment, promotion, and dismissal practices.

In this case Sheriff Brown's power to appoint and discharge deputy sheriffs is defined by section 30–10–506, 12A C.R.S. (1986), which states that "[e]ach sheriff may appoint as many deputies as he may think proper, for whose official acts and those of his undersheriff he shall be responsible, and may revoke such appointments at his pleasure." In construing the meaning of section 30–10–506 we are guided by the principle that "[s]tatutes must be construed as a whole to give a consistent, harmonious, and sensible effect to all their parts." *Dickey*, at 691; *Martinez v. Continental Enters.*, 730 P.2d 308, 313 (Colo. 1986). "In determining the meaning of a particular word or phrase, the meaning of the entire statute, or the relevant portion thereof, should be considered." *Id.;* § 2–4–201, 1B C.R.S. (1980). "Our primary task in construing a statute is to ascertain and give effect to the intent of the General Assembly." *People v. District Court, Second Judicial Dist.*, 713 P.2d 918, 921 (Colo. 1986).

 The plain language of section 30–10–506 authorizes county sheriffs to terminate the employment of deputy sheriffs at their pleasure. We interpreted a similar statutory provision in *Johnson v. Jefferson County Board of Health*, 662 P.2d 463. In *Johnson*, 662 P.2d at 471, we considered whether subsection 25–1–505(1), 11 C.R.S. (1978), explicitly authorized the Jefferson County Board of Health to limit its authority to discharge a Jefferson County public health officer. Subsection 25–1–505(1) provided that a county public health officer "shall be appointed by the board to serve at the pleasure of the board." We held that the board's statutory power to terminate the public health officer was not limited by the county personnel rules because the rules did "not override the explicit statutory authority of the board to discharge a public health officer appointed by the board." *Id.* We also noted that, in the legislature's view, the responsibility of county boards of health to implement public health laws justified the Board's authority to immediately implement its policies by discharging at will the public health officer. *Id.* Here, as in *Johnson*, the statute in question explicitly authorizes county sheriffs to discharge deputy sheriffs at their pleasure. Unlike the statute at issue

in *Dickey*, the statute in the present case did not authorize Sheriff Brown to limit his statutory power to discharge deputy sheriffs at his pleasure. The United States District Court for the District of Colorado has held on several occasions that "the Board of County Commissioners of a non-home rule county cannot, by language in a personnel manual, supersede the sheriff's statutory authority to hire and fire 'at his pleasure.'" *Goodwin v. Debekker*, 716 F.Supp. 1363, 1365 (D.Colo.1989); *see also Jackson v. Johns*, 714 F.Supp. 1126 (D.Colo.1989); *Seeley v. Board of County Comm'rs*, 654 F.Supp. 1309, 1312–14 (D.Colo.1987), *aff'd*, No. 87–1441 (10th Cir. Dec. 20, 1988) (unpublished opinion).

The decision in *Seeley*, 654 F.Supp. 1309, was the result of Seeley's action in federal court based on the facts underlying the present case. Seeley's complaint in the United States District Court for the District of Colorado alleged causes of action for breach of contract and deprivation of property without due process of law in violation of the fourteenth amendment to the United States Constitution and 42 U.S.C. § 1983 (1982). The district court decided in its discretion not to exercise pendent jurisdiction over Seeley's state law breach of implied contract claim, and granted the defendant's motion to dismiss on the § 1983 claim. *Id.* at 1314. In *Seeley*, 654 F.Supp. at 1313–14, the court concluded that Sheriff Brown's employee manual did not give Seeley a property interest in his employment as a deputy sheriff because section 30–10–506 gave Sheriff Brown the power to summarily dismiss Seeley. According to the court, "Sheriff Brown's policy of summarily dismissing deputies bound over on criminal charges is both within his statutory power, and within the spirit of [section] 30–10–506." *Id.* at 1314.

Our interpretation of section 30–10–506 is consistent with the responsibility vested in county sheriffs by the legislature. Section 30–10–506 makes county sheriffs responsible for the official acts of their deputies and undersheriffs. The section's explicit grant of authority to county sheriffs to dismiss deputy sheriffs at their pleasure is consistent with the sheriffs' responsibili-

ty for the official acts of deputy sheriffs. In this respect Seeley's relationship to Sheriff Brown was analogous to the relationship between the public health officer and the board of health in *Johnson*, 662 P.2d at 471. In *Seeley*, 654 F.Supp. at 1313, the court held that "[t]he sheriff must retain a certain amount of policy-making autonomy to ensure his deputies conduct themselves in a professional manner when on duty.... The power of the county sheriff to hire and fire deputies 'at his pleasure' walks in tandem with his personal liability for his actions." (Citation omitted).

Sheriff Brown did not possess the statutory authority to limit his power to discharge Seeley "at his pleasure." *Johnson*, 662 P.2d at 471; *but cf. Dickey*, at 692. The broad language of section 30–10–506 convinces us that by attempting to limit his power to terminate deputy sheriffs, Sheriff Brown was attempting to "forbid that which the state has explicitly authorized." *Dickey*, at 690. In view of the personal liability of county sheriffs for the actions of their deputies our reading of section 30–10–506 is consistent with the legislature's clear intent to authorize county sheriffs to revoke at their pleasure the appointments of their deputies. *Seeley*, 654 F.Supp. at 1313; *see also Johnson*, 662 P.2d at 471.

Because Sheriff Brown was not authorized to limit his power to discharge Seeley, Seeley cannot state a claim for relief for breach of implied contract. *Johnson*, 662 P.2d at 471. Seeley cannot enforce the terms of a contract into which Sheriff Brown had no power to enter. *Id.; Zatkin v. Bank of the Commonwealth*, 163 Mich. App. 171, 175, 414 N.W.2d 371, 373 (1987); *see also* 10A E. McQuillin, *Municipal Corporations* § 29.111, at 96 (3d ed. 1990); *but cf. Dickey*, at 692.

### III.

Seeley argues alternatively that, based on disputed material issues of fact, he has stated a claim for relief under the theory of promissory estoppel. We disagree.

The district court entered summary judgment in favor of the defendants. "[S]ummary judgment is proper only when the pleadings, affidavits, depositions or admissions establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Keenan*, 731 P.2d at 712. "The burden of establishing the nonexistence of a genuine issue of material fact is on the moving party." *Id.* "Once the moving party has met this initial burden of production, the burden shifts to the nonmoving party to establish that there is a triable issue of fact." *Id.* at 713.

The district court had before it Sheriff Brown's three memos to Seeley informing Seeley of his placement on administrative leave, his suspension and his termination. The district court also had before it the relevant provisions of the employment manual and Seeley's affidavit. Seeley and Sheriff Brown do not dispute the contents of the employment manual, or that Seeley was discharged after a district court found probable cause that he assaulted a prisoner at the county jail. Seeley argued in his memorandum in opposition to the defendants' motion to dismiss that by dismissing him Sheriff Brown breached his promise to only discharge Seeley for cause. The record does not contain disputed issues of material fact, and establishes that Seeley was discharged in accordance with the provisions of the manual. *See also Seeley*, 654 F.Supp. at 1314 (noting in passing that Sheriff's Department's compliance with manual's findings requirement made Seeley's implied contract claim meritless).

Seeley is not entitled to state a claim for relief under a promissory estoppel theory because Sheriff Brown was not authorized to limit his own power to discharge deputy sheriffs at his pleasure. A party cannot state a claim for relief under a theory of estoppel against a state or local government entity on the basis of an unauthorized action or promise. *Edwards v. Guthner*, 106 Colo. 209, 211, 103 P.2d 6, 7 (1940); *Smith v. Stapleton*, 105 Colo. 565, 570, 100 P.2d 162, 164 (1940); *Johnson v. Board of County Comm'rs*, 676 P.2d 1263, 1265 (Colo.App.1984); *Van Cleave v. Board of County Comm'rs*, 33 Colo.App. 227, 232, 518 P.2d 1371, 1374 (1973); *Abbott v. Harris*, 610 F.2d 563, 564 (8th Cir.1979); *Wilson v. Southeastern Pa. Transport. Auth.*, 709 F.Supp. 623, 626 (E.D.Pa.1989) ("an act that is illegal because of a failure to follow the correct procedure may be subject to estoppel; an act that the corporation could not legally perform under any circumstances is not subject to estoppel"); *Genesco Entertainment v. Koch*, 593 F.Supp. 743, 753 (S.D.N.Y.1984); *Chesapeake Bay Village, Inc. v. Costle*, 502 F.Supp. 213, 227 (D.Md.1980). Therefore, Seeley cannot state a claim for relief under a theory of promissory estoppel. *Cf. Lindemuth v. Jefferson County School Dist.*, 765 P.2d 1057, 1059 (Colo.App.1988).[3]

Because Seeley cannot state a claim for relief for breach of implied contract or promissory estoppel, we affirm the judgment of the court of appeals.

MULLARKEY, J., specially concurs, and LOHR, J., joins in the special concurrence.

Justice MULLARKEY specially concurring:

The majority holds that under section 30-10-506, 12A C.R.S. (1986), Sheriff Brown did not possess the statutory authority to adopt a personnel manual limiting his power to discharge Deputy Seeley "at his pleasure." Thus, because Sheriff Brown could not limit his authority to discharge a deputy, the majority holds that Deputy Seeley cannot state a claim for relief for breach of contract or one based on a theory of promissory estoppel. Be-

---

**3.** *Vigoda v. Denver Urban Renewal Authority*, 646 P.2d 900 (Colo.1982), is inapposite. In that case we held that a developer could state a claim for relief on the theory of promissory estoppel based on her detrimental reliance on an urban renewal authority's promise to enter into negotiations with her. Unlike Sheriff Brown's actions in this case, the urban renewal authority was authorized by § 31-25-106, 12B C.R.S. (1986), to promise to enter into negotiations with developers, and therefore could be held liable for the developer's detrimental reliance on the urban renewal authority's promise.

cause I agree with the majority's holding at p. 12 that the record clearly establishes that Seeley's discharge was in accordance with the personnel manual promulgated by the Sheriff in this case, I would uphold the district court's order granting summary judgment in favor of the county on that basis and not decide whether Sheriff Brown was bound by the terms of the personnel manual he adopted.

I am authorized to state that Justice LOHR joins in this special concurrence.