**Dennis TUNGET and Nicole Tunget, Plaintiffs–Appellants and Cross–Appellees,**

v.

**BOARD OF COUNTY COMMISSIONERS OF DELTA COUNTY, Defendant– Appellee,**

and

**City of Delta, Colorado, Defendant– Appellee and Cross–Appellant.**

No. 97CA1327.

Colorado Court of Appeals, Div. IV.

June 24, 1999.

Rehearing Denied Aug. 26, 1999.

Certiorari Denied Jan. 24, 2000.

Norton Frickey & Associates, Dan O. Adkins, L. Dan Rector, Colorado Springs, Colorado, for Plaintiffs–Appellants and Cross–Appellees.

Doehling & Driscoll, P.C., Gary L. Doehling, Jeffrey L. Driscoll, Grand Junction, Colorado, for Defendant–Appellee.

Younge & Hockensmith, P.C., Earl G. Rhodes, Grand Junction, Colorado, for Defendant–Appellee and Cross–Appellant.

Opinion by Judge KAPELKE.

In this tort action arising from an automobile accident, plaintiffs, Dennis and Nicole Tunget, appeal from the trial court's dismissal of their complaint against defendant Board of County Commissioners of Delta County (the Board) for failure to state a claim, and from the award of attorney fees in favor of the Board. Defendant City of Delta (the City) appeals from the trial court's order denying its motion to dismiss for lack of subject matter jurisdiction based on assertions of governmental immunity. We affirm.

Plaintiffs were injured on July 4, 1995, when their car was struck after a police car and a car driven by a deputy sheriff collided with one another. Both the police officer and the deputy sheriff were responding to an emergency call.

In their first claim in the complaint, plaintiffs allege that Delta County, through the Board, is liable under the doctrine of *respondeat superior* for the negligence of the deputy sheriff in causing the accident.

In their second claim, plaintiffs allege that the City is liable under the doctrine of *respondeat superior* for the negligence of its police officer.

The trial court granted the Board's motion to dismiss pursuant to C.R.C.P 12(b)(5). In its order, the court found it was the county sheriff, and not the Board, that had the right of control over the deputy sheriffs and could be held liable for their actions. The court also awarded attorney fees in favor of the Board.

The City filed a separate motion to dismiss under C.R.C.P 12(b)(1) based on the Colorado Governmental Immunity Act, § 24–10–101, et seq., C.R.S.1998 (GIA). The trial court denied the motion, holding that there was a waiver of governmental immunity as to the plaintiffs' claims.

## I.

Plaintiffs contend that the trial court erred in dismissing their claims against the Board based on the court's conclusion that the sheriff is a public entity separate and apart from the Board. We disagree.

Under both the Colorado Constitution and applicable statutes, sheriffs and boards of county commissioners are treated as separate public entities having different powers

and responsibilities. Colo. Const. art XIV, §§ 8 and 8.5, treat boards of county commissioners and sheriffs as separate entities, and various statutory provisions enumerate the respective specific responsibilities and powers of a county sheriff, a county, and a county board of commissioners. See §§ 30–10–501, et seq., 30–11–101, and 30–11–107, C.R.S.1998.

Especially pertinent here is § 30–10–506, C.R.S.1998, which states that:

Each Sheriff may appoint as many deputies as he may think proper, for whose official acts and those of his undersheriff he shall be responsible, and may revoke such appointments at his pleasure.... [T]he sheriff and his sureties shall be responsible on his official bond for the default or misconduct of his undersheriff and deputies.

As the supreme court recognized in Seeley v. Board of County Commissioners, 791 P.2d 696 (Colo.1990), § 30–10–506 makes sheriffs responsible for the acts of their deputies. Also, in Barton v. Continental Oil Co., 5 Colo.App. 341, 38 P. 432 (1894), a statute similar to § 30–10–506 was also interpreted as making a sheriff liable, as principal, to any person injured by the improper official actions of the sheriff's deputies.

In addition, the sheriff is the appropriate governing entity to deal with a claim against a deputy sheriff. By statute, in connection with an action brought against a sheriff, the sheriff can recover judgment against his or her sureties. Section 30–10–522, C.R.S.1998. In addition, § 30–10–519, C.R.S.1998, also specifies the proper means of effecting service of process on a sheriff.

■ The right to control one's activities, whether or not that control is exercised, is the determinative factor in deciding whether an employer-employee relationship exists. Dana's Housekeeping v. Butterfield, 807 P.2d 1218 (Colo.App.1990).

The sheriff, not the county or the Board, has the right of control with respect to the deputies. For example, the General Assembly conferred upon the sheriff, not the county, the power to appoint and remove deputies, and to fix the deputies' salaries.

Sections 30–2–106 and 30–10–506, C.R.S. 1998.

In Seeley v. Board of County Commissioners, supra, 791 P.2d at 700, the supreme court quoted with approval the following analysis by the court in Seeley v. Board of County Commissioners, 654 F.Supp. 1309, 1312–14 (D.Colo.1987):

The sheriff must retain a certain amount of policy-making autonomy to ensure his deputies conduct themselves in a professional manner when on duty.... The power of the county sheriff to hire and fire deputies 'at his pleasure' walks in tandem with his personal liability for his actions.

See also Corder v. People, 87 Colo. 251, 287 P. 85 (1930) (upholding judgment against sheriff and his surety based on claim arising from negligent shooting by deputy sheriff).

Here, in responding to the emergency call, the deputy sheriff was acting within his official capacity. Therefore, under § 30–10–506, the sheriff would be responsible for any injuries resulting from the deputy's alleged negligence.

Accordingly, the trial court correctly held that the sheriff, rather than the county or the Board, would be liable for the actions of the deputy sheriff. Thus, the court properly dismissed the claims against the Board.

The Board urges us to hold that the plaintiffs cannot amend their complaint to designate the sheriff rather than the Board as a defendant. Because there is no indication in the record that the trial court was ever asked to rule on a motion to amend, however, we decline to address the Board's assertion in this regard.

II.

Plaintiffs also contend that the trial court erred in awarding the Board attorney fees. Again, we disagree.

■ If the record supports an award of attorney fees, it will not be disturbed on appeal. Whether the amount requested for such an award is reasonable is a question of fact for the trial court, whose determination will be upheld unless patently erroneous.

*Houdek v. Mobil Oil Corp.,* 879 P.2d 417 (Colo.App.1994).

Section 13–17–201, C.R.S.1998, provides that:

In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action.

■ Section 13–17–201 does not contain any exceptions for claims brought in good faith. However, it does allow a plaintiff to avoid liability for attorney fees by voluntarily dismissing or by stipulating to the dismissal of the action, or by confessing the defendant's C.R.C.P. 12(b) motion to dismiss. *Houdek v. Mobil Oil Corp., supra.*

Here, the trial court assessed fees against the plaintiffs and their counsel, jointly and severally, in the amount of $1,764.56.

■ The propriety of the award of fees as against plaintiffs' counsel is not properly before us because counsel failed to appeal the award in their own names. *See Maul v. Shaw,* 843 P.2d 139 (Colo.App.1992). Accordingly, we address the award of attorney fees only as against the plaintiffs.

The Board's C.R.C.P. 12(b) motion to dismiss was granted prior to trial. Therefore, the award of attorney fees against plaintiffs is proper pursuant to the express language of § 13–17–201.

### III.

The City, in its appeal, contends that the trial court erred in determining that governmental immunity was waived pursuant to § 24–10–106(1)(a) and § 42–4–108(2)(b), C.R.S.1998. We disagree.

Section 24–10–106, C.R.S.1998, provides that sovereign immunity shall be a bar to any action against a public entity for injuries which lie in tort or could lie in tort, except as provided in other specified statutory sections.

■ Because the immunity created by the GIA is in derogation of the common law, it must be strictly construed. *Swieckowski v. City of Fort Collins,* 934 P.2d 1380 (Colo. 1997).

■ The issue of sovereign immunity is one of subject matter jurisdiction, and a plaintiff has the burden under C.R.C.P. 12(b)(1) to prove jurisdiction. *Hallam v. City of Colorado Springs,* 914 P.2d 479 (Colo. App.1995).

The GIA provides generally for governmental immunity for claims which lie in tort or could lie in tort. Pursuant to § 24–10–106(1)(a), however, immunity is waived as to actions for injuries resulting from the "operation of a motor vehicle, owned or leased by a public entity, by a public employee while in the course of employment *except emergency vehicles operating within the provisions of section 42–4–108(2) and (3). ...*" (emphasis added)

As pertinent here, § 42–4–108(2)(b), C.R.S. 1998, allows the driver of an authorized emergency vehicle to proceed past a red or stop signal or stop sign, "but only after slowing down as may be necessary for safe operation."

■ Here, the trial court found that the police officer failed to slow down as he approached an intersection with a stop light signaling red in his direction. That finding is supported by the record, which includes a stipulation by the City that the light was red in the officer's direction, as well as testimony by the plaintiffs and affidavits by other witnesses indicating that the officer did not slow down before entering the intersection.

The City contends that *Fogg v. Macaluso,* 892 P.2d 271 (Colo.1995) stands for the proposition that the reference in § 24–10–106(1) to § 42–4–108(2) and § 42–4–108(3) is simply for the purposes of determining when an emergency vehicle is responding to an "emergency" (as defined in § 42–4–108(2)), and requiring the emergency vehicle to have its lights and sirens on (as required by § 42–4–108(3)). We reject the City's reading of the holding in *Fogg.*

In *Fogg,* the court held that emergency vehicle operators were not required to com-

ply with the "due regard for the safety of others" language contained in § 42–4–108(4), C.R.S.1998, because that sub-section was not referenced in § 24–10–106. The court stressed that the language of § 24–10–106 is clear and unambiguous.

As discussed above, § 24–10–106 states that sovereign immunity bars an action under the GIA for "emergency vehicles *operating within* the provisions of § 42–4–108(2) and (3)." (emphasis added) Accordingly, sovereign immunity applies only if the emergency vehicle was being operated in compliance with the specific provisions of 42–4–108(2)(a) through (d).

Because the record supports the trial court's determination here that the police officer was not operating the emergency vehicle within the provisions of § 42–4–108(2), and that governmental immunity has therefore been waived as to the plaintiffs' claims against the City, the court properly denied the City's motion to dismiss under C.R.C.P. 12(b)(1).

The judgment of dismissal, the order awarding attorney fees, and the order denying the City's motion for dismissal are affirmed.

Judge NEY and Judge ROY concur.