115 N.J. Super. 348 (1971)
279 A.2d 872
ALFRED F. BROWN, PLAINTIFF-APPELLANT,
v.
STATE OF NEW JERSEY, ET AL., DEFENDANTS-APPELLEES.
Superior Court of New Jersey, Appellate Division.
Argued June 15, 1971.
Decided June 30, 1971.
Before Judges KILKENNY, HALPERN and LANE.
Mr. Alfred F. Brown, appellant, argued the cause pro se.
*349 Mr. David S. Litwin, Deputy Attorney General, argued the cause for respondents-appellees (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney).
PER CURIAM.
Alfred F. Brown took and passed the Civil Service examination for the position of legal research analyst with the Newark Housing Authority. He was listed eighth on the list of eligibles and was not afforded veteran's status. After certification of the top three-eligibles Brown filed a notice of appeal. We granted a stay of appointment of one of the certified eligibles pending determination of this appeal.
Brown contends that (1) the provision of N.J.A.C. 4:9-4, which permits evaluation of education and experience in excess of the minimum requirements, is violative of due process and equal protection, and (2) the Federal Government in determining the dates for the beginning and end of armed conflicts has preempted the State from making such a determination, and thus he qualified as a "veteran," with the preference attached by Civil Service Commission to that status.
Brown has served as legal research analyst for the Newark Housing Authority as a provisional employee since January 1968. On September 3, 1970, as noted above, he took and passed a Civil Service examination which had been called for that position.
On October 17, 1970 the Department promulgated an eligibility list on which appellant had been listed eighth. The list designated those eligible, their final averages, rank and veteran's preferences. Although Brown had served in the United States Army from September 22, 1953 until June 30, 1955, he was not given veteran's status. He was not awarded such status because he had not "served for at least ninety days in active service * * * for the National Emergency." The emergency is considered to have been terminated on July 27, 1953. N.J.S.A. 11:27-1(11). For that reason, Brown's name was not included among those of the eligibles certified for appointment.
*350 The first claim is that N.J.A.C. 4:9-4 violates "due process" and "equal protection."
N.J.A.C. 4:9-4 provides:
When education and experience are included as a qualification requirement and are to be rated as part of an examination, an applicant's education and experience which exceeds the minimum announced requirements shall be evaluated and graded on the basis of scales approved by the chief examiner and secretary.
It thus permits education and experience in excess of minimum requirements to be taken into consideration in evaluating the score of an applicant. Brown contends that such is unconstitutional in that there are not proper and ascertainable standards which the chief examiner may follow in making such evaluation. He also asserts that such is in derogation of legislative policy. Education and experience are merely "qualification requirements." He argues: "If an applicant possesses the minimum education and experience required for a particular job, then such applicant should thereafter be permitted to demonstrate such education and experience by way of `competitive' examination."
Such argument, however, is contrary to the philosophy exhibited in N.J.S.A. 11:9-3 which provides in part:
An investigation of education and experience and tests of intelligence, capacity, technical knowledge, mental skill or physical fitness or other qualifications which, in the opinion of the chief examiner and secretary serves to this end, may be employed.
The examiner has been afforded broad discretion in his determination of fitness and ability of applicants for positions. There is nothing which indicates an intention that he be restrained from taking into consideration past achievements of applicants.
Nor is the power of the examiner violative of due process as an improper delegation of authority. N.J.S.A. 11:9-3 evidences an intent that the authority should be vested in the chief examiner and secretary. It is implicit in the statute *351 that education and experience should be taken into consideration where relevant to a determination of the "qualifications, fitness and ability of the person tested actually to perform the duties of the class or position to which he seeks appointment." This provides "standards sufficiently definitive to guide" the exercise of "broad design" of the legislative aims. Cammarata v. Essex Cty. Park Comm'n, 26 N.J. 404, 410 (1958).
Nor is there any violation of equal protection evidenced. Though a class has benefited from the policy  those with extensive education and experience  the class is reasonably designated to fulfill the Civil Service policy.
Brown's further argument is that Congress preempted the power of the State to grant preference in appointment to such classes of veterans as they might select.
As pointed out by the Attorney General in his brief, even if Congress possessed the power to do so, it has not seen fit to require States to follow its designation of veterans. There is no conflict between N.J.S.A. 11:27-1(11) and 5 U.S.C. § 2108(1)(A). The federal statute applies only to the specific title ("Government Organization and Employees"), in which it is contained, as does the New Jersey Civil Service statute.
The decision of the Civil Service Commission is affirmed. The stay heretofore given pending disposition of this appeal is hereby vacated.