Leslie G. SEELEY, Plaintiff–Appellant,

v.

BOARD OF COUNTY COMMISSIONERS FOR LA PLATA COUNTY, Colorado; Alvin Brown, Sheriff of La Plata County, Colorado; and Sheriff's Department of La Plata County, Colorado, Defendants–Appellees.

No. 87CA1348.

Colorado Court of Appeals, Div. II.

Jan. 5, 1989.

Rehearing Denied Feb. 16, 1989.
Certiorari Granted May 15, 1989.

See also, 654 F.Supp. 1309.

Karp & Dodge, Sander N. Karp, and Shelley P. Dodge, Denver, for plaintiff-appellant.

Hall & Evans, Malcolm S. Mead, and Cathy S. Harris, Denver, for defendant-appellee Bd. of County Com'rs for La Plata County, Colo.

Shand, McLachlan & Newbold, P.C., Michael E. McLachlan, and Martha T. Minot, Durango, for defendant-appellee Alvin Brown, Sheriff of La Plata County, Colo.

No appearance for defendant-appellee Sheriff's Dept. of La Plata County, Colo.

REED, Judge.

Plaintiff, Leslie G. Seeley, appeals from the summary judgment entered dismissing his claims for reinstatement to his position as deputy sheriff and for damages for wrongful termination of employment. We affirm.

Former Sheriff Alvin Brown of La Plata County appointed plaintiff to serve as a deputy sheriff in 1984. On June 5, 1985, plaintiff was accused of assaulting an inmate at the La Plata County jail, and after an initial departmental investigation, he was suspended from duties. Thereafter, he was bound over for trial on charges of third degree assault, official oppression, and harassment. Based upon the trial court's finding of probable cause and the sheriff's review of the district attorney's investigation, the sheriff terminated plaintiff's employment. Plaintiff was acquitted at trial of the charges, and subsequently demanded reinstatement to his position as deputy sheriff. Sheriff Brown denied this request.

Plaintiff contends that the trial court erred in determining that his employment as a deputy sheriff was terminable at will. He claims that the policy manual of the La Plata County Sheriff amounts to and contains a contract of employment which, in light of his acquittal, he has not breached, and that he is therefore entitled to reinstatement by law. Plaintiff also contends that he is entitled to reinstatement under the theory of promissory estoppel. We disagree with these contentions.

## I.

■ Section 30–10–506, C.R.S. (1986 Repl.Vol. 12A), provides:

> "Each sheriff may appoint as many deputies as he may think proper, for whose official acts and those of his undersheriff he shall be responsible, *and may revoke such appointments at his pleasure....*" (emphasis added)

Thus, deputy sheriffs serve at the will of the county sheriff, the only exception being in those home rule counties where the electors have provided a different method of appointment and removal of deputies.

*See Denver v. Rinker*, 148 Colo. 441, 366 P.2d 548 (1961); *Board of County Commissioners v. Andrews*, 687 P.2d 457 (Colo. App.1984). La Plata County is not a home rule county.

Here, the sheriff issued a policy manual for the sheriff's department. However, even if there were a failure to comply with the manual, concerning termination procedures, the general rule is that a local government may not forbid that which the state has explicitly authorized. *Johnson v. Jefferson County Board of Health*, 662 P.2d 463 (Colo.1983). As stated in *Johnson:* "A county board of health, as a political subdivision of the state, may not by rule or regulation abdicate the authority and responsibility delegated to it by the legislature." Similarly, here, the employee may not insist upon adherence to county or departmental policies and procedures regarding termination where state statute specifically provides that a designated class or group of county employees serves only at the pleasure of an elected official or an appointed board. Hence, the policy manual did not preclude the sheriff from exercising his statutory prerogative to terminate plaintiff's employment.

## II.

■ Plaintiff also contends that the sheriff is estopped from denying reinstatement of plaintiff because plaintiff relied upon the manual in accepting and maintaining employment and because of assurances given to him by the sheriff during the time of his suspension. We find these contentions to be without merit.

*Johnson v. Jefferson County Board of Health, supra,* established the rule that local officials may not abdicate their statutory authority concerning termination of employees at will. If this cannot be done by deliberate action, such as by the formulation of a personnel policy, we fail to perceive how the forbidden result can be achieved under the doctrine of promissory estoppel.

Nevertheless, even if we assume that the doctrine of promissory estoppel might be considered, the undisputed facts demonstrate its inapplicability to the circumstanc-

es at hand. Under the rationale of *Continental Air Lines, Inc. v. Keenan,* 731 P.2d 708 (Colo.1987), promissory estoppel grants to the employee only the benefits of the termination procedures as prescribed by the employment manual, provided that the employee establishes his detrimental reliance upon the terms of the manual and further that the doctrine is necessary to prevent an injustice.

An analysis of the manual here reveals that it in nowise restricts the authority of the sheriff to terminate the plaintiff's employment at will. At best it calls for a unilateral investigation by the sheriff of the employee's misconduct. Significantly, the grievance procedure by which the disciplinary action may be challenged by the employee expressly excludes the matters of employee termination. Thus, resort to the terms of the manual would accomplish nothing which has not already occurred.

Further, one of the elements of promissory estoppel is detrimental reliance by the plaintiff. *See Mooney v. Craddock,* 35 Colo.App. 20, 530 P.2d 1302 (1974). The record contains no indication of any specific act or forbearance by the plaintiff based upon either the terms of the manual or the sheriff's assurances during the course of plaintiff's suspension.

Moreover, plaintiff's reliance must be reasonable in order to establish an equitable estoppel. Restatement (Second) of Contracts § 90 (1981). The statute quoted above placed plaintiff on notice at all times, including prior to the time that he left his earlier employment, that sheriffs' deputies serve at the pleasure of the sheriff. Hence, any reliance he placed on the manual that this was not the case would not be reasonable.

JUDGMENT AFFIRMED.

SMITH and HODGES,* JJ., concur.