Les D. KENNEDY, Plaintiff–Appellant,

v.

BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF ADAMS; Robert L. Clifton, individually and in his capacity as County Administrator, Defendants–Appellees.

No. 88CA0692.

Colorado Court of Appeals, Div. III.

June 8, 1989.

Gorsuch, Kirgis, Campbell, Walker & Grover, Arun Das, Denver, for plaintiff-appellant.

Sherman & Howard, Theodore A. Olsen, Denver, for defendants-appellees.

FISCHBACH, Judge.

In this wrongful discharge action, plaintiff, Les D. Kennedy, appeals the trial court's summary judgment in favor of defendants, Board of County Commissioners of Adams County (the Board) and Robert L. Clifton, the County Administrator. We reverse.

Kennedy was discharged from his dual position with Adams County as Director of Emergency Preparedness/Safety and Director of Public Works effective May 12, 1986. In April, the Board had adopted a reorganization plan, allegedly designed to achieve financial cutbacks, in which Kennedy's position and those of three other division directors were eliminated and replaced by two new Assistant County Administra-

tor positions. One of the division directors was reassigned to an existing job, and the three remaining were interviewed for the two new positions.

Kennedy had the most seniority with the county and was a veteran with more than twenty years service in the armed forces including a tour of active duty in Viet Nam. Kennedy did not secure one of the new positions and was, thus, the only division director affected by the reorganization who was terminated. Nonetheless, in a requested written explanation of the termination, the defendants asserted that it was based on budgetary considerations and not on Kennedy's performance.

Kennedy brought suit against defendants based on several claims for relief, including violations of the veterans' preference provisions of the Colorado Constitution and of due process, breach of contract, fraud, conspiracy, and age discrimination. Against Clifton alone, Kennedy also brought a claim based on interference with contractual relations. The trial court granted defendants' motion for dismissal or summary judgment on all claims except for the statutory age discrimination claim which was dismissed pursuant to stipulation of the parties.

## I.

On appeal, Kennedy contends that the trial court erred in applying § 30–11–107(1)(n), C.R.S. (1986 Repl.Vol. 12A) as a bar to his claims for violation of his due process rights, breach of contract, fraud, and civil conspiracy. We agree that granting summary judgment on this basis was error.

Summary judgment is a drastic remedy and is never warranted except on a clear showing that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo.1988). The moving party has the burden of establishing the lack of a triable factual issue, and all doubts as to the existence of such an issue must be resolved against the moving party. *Churchey, supra.*

In reviewing the propriety of a summary judgment, we must determine both whether the trial court applied the law correctly and whether a genuine issue of material fact exists. *Churchey, supra.* Here, we conclude from the documents presented that a genuine issue of fact remains as to whether the statute in question covers Kennedy's position.

Section 30–11–107(1), C.R.S. (1986 Repl. Vol. 12A) provides as follows:

"The board of county commissioners of each county has the power at any meeting:

. . . .

"(n) To create, by resolution duly adopted, the office of county manager, or administrative assistant to the board of county commissioners, or county budget officer, or any other such office as may, in its judgment, be required for the efficient management of the business and concerns of the county. When so created, the board has power to make appointments to such offices, to prescribe the duties to be performed by such appointees, to fix compensation to be paid to such appointees, and to pay the same from the county general fund. Any persons appointed to such offices shall serve at the pleasure of the board of county commissioners."

Similar statutory provisions have been construed to bar claims for breach of contract based on assurances in an employee handbook under the rationale that such a statute defines the employee as terminable at will and the statute supersedes any county declaration to the contrary. *Johnson v. Jefferson County Board of Health*, 662 P.2d 463 (Colo.1983); *Seeley v. Board of County Commissioners*, 771 P.2d 21 (Colo.App.1989) (*cert. granted* May 15, 1989); *but see Board of County Commissioners v. Andrews*, 687 P.2d 457 (Colo. App.1984).

For the statute to operate as a bar, however, it is necessary to ascertain whether the position in question is intended to be covered. In both *Johnson v. Jefferson County, supra,* and *Seeley v. Board of*

*County Commissioners, supra,* the positions exempted from employee manual protection were explicitly included in the statute. In contrast, here, neither of Kennedy's positions is described in the statute.

Although the application of § 30–11–107(1)(n) is not restricted to positions therein enumerated, it is restricted to "such office[s]" as those listed that may be required for the efficient management of the county. In addition, even the positions described in the statute are not exempted unless they are created "by resolution duly adopted." Thus, for a position to be within the ambit of the statute, it must fulfill two requirements: (1) be "such office" as was intended to be covered, and (2) have been created by duly adopted resolution of the Board.

Accordingly, we must interpret the scope of the term "such office" as used in the statute.

The word "office" is of "vague and variant import," 63A Am.Jur.2d, *Public Officers & Employees* § 1 (2d ed. 1984), and is not necessarily used to describe the positions of "public officers" who exercise a portion of the sovereign power. *Cf. Corfman v. McDevitt,* 111 Colo. 437, 142 P.2d 383 (1943). In fact, the positions specifically enumerated in the statute—county manager, administrative assistant to the board of county commissioners, and county budget officer—do not parallel those of the elected county officers described in §§ 30–10–101, et seq., C.R.S. (1986 Repl.Vol. 12A), such as sheriff and coroner, but rather parallel those of deputy sheriff and deputy coroner. Those who hold the latter positions, like those appointed by the Board, serve at the pleasure of their appointers. *See* §§ 30–10–506 and 30–10–602 C.R.S. (1986 Repl.Vol. 12A).

In the same manner as the positions of deputy sheriff and deputy coroner may be created by the sheriff and coroner to aid them personally in efficiently carrying out their duties, the positions contemplated by § 30–11–107(1)(n) may be created by the Board to enable it more efficiently to manage county business. We conclude, therefore, that an "officer" who serves at the pleasure of the Board, is one who is directly accountable to the Board, rather than to some other county officer or employee. The affidavits and documents on file leave open disputed questions as to whether Kennedy's positions were ones that required direct accountability to the board and, thus, whether they were "such offices" under the statute.

In addition, even if the status of Kennedy's positions as "such offices" were established, a dispute would remain as to whether they were created under § 30–11–107(1)(n) by a duly adopted Board resolution.

Kennedy's submissions include the following: an Adams County Organizational Chart demonstrating that he did not report directly to the Board in either of his positions; job announcements for both positions which did not suggest that the positions were not part of the county civil service system, and which Kennedy asserted by affidavit to have been "posted, offered and listed like any other classified employee opening"; a job description for the position of Director of Public Works entitled "Adams County Classification Specifications"; a county "Classification Grade Table" in which both of his positions are listed by grade; and a contract Kennedy was provided for one of his years of employment, which referred to him as an "employee" and incorporated various provisions of the county personnel manual. These submissions lend credence to Kennedy's assertion that his positions were not of the nature of the offices enumerated nor duly created by resolution of the Board.

On the other hand, the defendants have not produced any documentary evidence that would prove that Kennedy's positions were such offices, *e.g.,* a job description or letter of appointment stating that the appointee would serve at the pleasure of the Board and be directly accountable to it, or that they were created by resolution of the Board, *e.g.,* a copy of a Board resolution establishing them. Instead, they rely on an affidavit in which the county's Director of Employee Development asserts that Kennedy was "appointed," on the profes-

sional nature of the positions, and on some alleged inconsistencies between Kennedy's behavior upon termination and that to be expected of a classified employee.

Defendants' assertions do not dispose of the questions raised by Kennedy's submissions. We therefore conclude that the trial court erred in granting summary judgment on Kennedy's common law and statutory claims on the ground that they are preempted by § 30–11–107(1)(n).

## II.

Kennedy next contends that the trial court erred in ruling that Colo. Const. art. XII, § 15(3)(a), did not apply to him and that defendants therefore were not in violation thereof by failing to grant him layoff preference because of his status as a veteran. Again, we agree that summary judgment was inappropriate.

Colo. Const. art. XII, § 15, sets forth a system for granting preference to veterans in hiring and layoff within the personnel systems of the state and its political subdivisions. Colo. Const. art. XII, § 15(1)(b), provides for adding points to the job qualification examination scores of eligible veterans. Under that provision, a veteran is eligible for added points if he or she:

"[o]ther than for training purposes, (i) served in any branch of the armed forces of the United States during any period of any declared war or any undeclared war or other armed hostilities against an armed foreign enemy, or (ii) served on active duty in any such branch in any campaign or expedition for which a campaign is authorized."

Colo. Const. art XII, § 15(3), describes the preference system for a reduction in work force:

"(a) When a reduction in the work force of the state or any such political subdivision thereof becomes necessary because of lack of work or curtailment of funds, employees not eligible for added points under subsection (1) of this section shall be separated before those so entitled who have the same or more service in the employment of the state or such political subdivision, counting both the military service for which such points are added and such employment with the state or such political subdivision, as the case may be, from which the employee is to be separated.

"(b) In the case of such a person eligible for added points who has completed twenty or more years of active military service, no military service shall be counted in determining length of service in respect to such retention rights...."

Defendants argue that these layoff provisions give preference only to veterans who have taken a competitive civil service examination and who have served for less than twenty years in the armed forces. We find no merit in these arguments.

The plain meaning of subsection (3)(a) directs that employees not eligible for veterans' preference be laid off before eligible veterans with the same or more years of seniority. *Colorado Ass'n of Public Employees v. Lamm*, 677 P.2d 1350 (Colo. 1984). It refers to subsection (1), which involves preference in hiring, to define "eligible veterans," which definition we quoted above. Subsection (3)(a) also provides that, for the purpose of determining retention rights, an eligible veteran may calculate length of service by adding his years of military service to his years with the county. Subsection (3)(b) qualifies the degree of preference by excluding the military service years of a veteran with 20 or more years in the armed forces from the calculation of length of service. Nothing in subsection (3)(b) suggests that the preference articulated in subsection (3)(a) is void for veterans with more than 20 years of military service.

Defendants also argue that the veterans' preference provisions do not apply because Kennedy was not a "classified civil servant" but rather served "at the pleasure of the Board" under § 30–11–107(1)(n), C.R.S. (1986 Repl.Vol. 12A).

■ We agree with defendants that the veterans' preference provisions apply only to employees "in the personnel system of the state or in any comparable civil service or merit system of any agency or political

subdivision of the state." Colo. Const. art. XII, § 15(1). However, because we have determined in Part I of this opinion that there is a material issue of fact as to the status of Kennedy's position with the county, this issue cannot be decided as a matter of law, and summary judgment was error.

### III.

Finally, Kennedy contends that the trial court erred in granting defendants' motion for summary judgment on his claim for interference with contractual relations against defendant Clifton. The trial court based its ruling on its finding that Kennedy failed to provide Clifton with proper notice of his claim pursuant to Colo.Sess.Laws 1979, ch. 219, § 24-10-109 at 869. Kennedy argues that there is a disputed issue of material fact as to whether the statute should be applied. We agree with Kennedy.

Compliance with the notice provisions of § 24-10-109, as it then existed, was a condition precedent to any action brought by a person claiming to have suffered an injury by a public entity or a public employee in his official capacity. *Lloyd v. State Personnel Board,* 710 P.2d 1177 (Colo.App. 1985). However, compliance was not a prerequisite to suit against a public employee in his individual capacity for acts which did not occur or are not alleged in the complaint to have occurred during the performance of such employee's duties and within the scope of his employment. *See Kristensen v. Jones,* 195 Colo. 122, 575 P.2d 854 (1978); § 24-10-118, C.R.S. (1988 Repl.Vol. 10A).

Kennedy sued Clifton in both his official and individual capacities. He did not allege in the complaint that Clifton's acts relevant to the claim were during the performance of his duties or within the scope of his employment. In addition, because this claim is against Clifton alone, and because it involves malicious action that could be contrary to the will of the county, there is a disputed issue as to whether Clifton's alleged actions described under this claim were within the scope of his authority. *See*

*Trimble v. City & County of Denver,* 697 P.2d 716 (Colo.1985).

 Notice to Clifton was not required pursuant to § 24-10-109 unless Clifton's actions were during the performance of his duties and within the scope of his employment. The trial court made no findings on this question, and our review of the record reveals that it remains in dispute. The court therefore erred in entering summary judgment on this claim.

The judgment is reversed and the cause is remanded for further proceedings.

CRISWELL and RULAND, JJ., concur.